IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

**STATE OF TENNESSEE v. ANTHONY BUFFORD**

**Appeal from the Circuit Court for Madison County**
**No. 05-481      Donald H. Allen, Judge**

**No. W2008-00801-CCA-R3-CD  - Filed April 1, 2009**

The defendant, Anthony Bufford, pled guilty in October 2005 to driving after being declared a habitual motor vehicle offender, a Class E felony; simple possession of marijuana, a Class A misdemeanor; and violating the seat belt law, a Class C misdemeanor. For the Class E felony, he was sentenced as a Range II, multiple offender to four years in community corrections with sixty days to be served in jail. For the Class A misdemeanor, he received eleven months, twenty-nine days to be served on probation in the community corrections program. For the Class C misdemeanor, the defendant received thirty days' incarceration at seventy-five percent. All sentences were to be served concurrently. The trial court revoked the defendant's community corrections sentence in April 2008 after finding that the defendant failed to remain drug-free. On appeal, the defendant contends the trial court erred in removing him from community corrections and ordering him to serve his sentence in the Department of Correction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, Anthony Bufford.

Robert E. Cooper, Jr. Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James G. Woodall, District Attorney General; and Anna B. Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Conditions of the defendant's community corrections sentence included that he would pay $75 monthly toward his $500 fine and court costs, that he would submit to random monthly drug and alcohol screenings, and that he would obtain an alcohol and drug assessment and follow all recommendations of the assessment. On February 5, 2008, the defendant's case officer obtained a

violation of community corrections warrant, in which he alleged that the defendant (1) failed to remain drug-free when the defendant tested positive for marijuana on January 14, 2008, and admitted using marijuana; (2) failed to obey the laws of the United States when he was arrested on January 27, 2008, and charged with "Simple Domestic Assault"; and (3) failed to report the January 27, 2008 arrest "on the next working day, as is required in Rule #8 of the Madison Co. Community Corrections Rules and Regulations."

At the revocation hearing, the defendant's counsel told the court that the defendant admitted testing positive for marijuana on January 14, 2008, and telling his case officer that he had used marijuana. The defendant denied the other two alleged community corrections violations.

The defendant's case officer, Weston Watkins, testified that the defendant was placed in community corrections on October 24, 2005, and that the defendant had had no difficulties with his community corrections service until January 2008. The case officer named the three violations listed in the arrest warrant. He said the defendant admitted to him on January 14, 2008, that he had used marijuana. He said the defendant's charge of domestic assault of his girlfriend had been dismissed. He said that he was not in the office the day of the defendant's release from jail, a Monday, but that the defendant called him on Tuesday, which he said was still after the time the defendant was to report the new arrest.

On cross-examination, Weston Watkins testified that after the drug screen, the defendant admitted having smoked a "blunt on New Year['s]" because he was "stressed" about his relationship with his girlfriend. Watkins said that although the defendant reported to him monthly, he did not screen the defendant at each visit because the drug screen would no longer be random. He said he screened the defendant about every other month. He said he was not aware if the defendant had called his office the Monday when he was out and spoke with another case officer. He did not remember whether that officer told him that anyone had called regarding the defendant. He said that the defendant was arrested on a Saturday night and that "the next working day" pursuant to the community corrections rules would have been Monday. He said that the defendant called him on Tuesday, after he arrived at work and saw the defendant's arrest report on his desk. He said that a review of the defendant's case file reflected that these January events were the first problems the defendant had had while in community corrections. He said the defendant reported as required, showed proof of employment, and paid his supervision fees every time. The defendant offered no proof.

The trial court found that the defendant had violated the terms and conditions of his community corrections sentence in that he failed to remain drug-free. The court stated that the defendant tested positive for marijuana on January 14, 2008, and that the defendant admitted he had become stressed and used marijuana around New Year's Day. The court found that in view of the dismissal of the domestic assault charge, the defendant's arrest had not violated his community corrections sentence, although the court stated "the fact that he was arrested is something that concerns this court." The court also found that the defendant did not violate his community corrections sentence by failing to report the arrest because his case officer testified that the defendant called him "the next day." The trial court stated that it reviewed the defendant's extensive criminal history, which included felony convictions as both a minor and an adult, and found that the

defendant was not "an appropriate candidate to remain on any kind of probation." The trial court removed the defendant from community corrections and ordered him to serve the balance of his sentence in the Department of Correction with credits for the time spent on community corrections.

The defendant contends the trial court erred in removing the defendant from community corrections, in view of the defendant's "exemplary" behavior until January 2008. The State responds that the trial court acted within its discretion to revoke the defendant's community corrections sentence because the record contains substantial evidence that the defendant violated the terms of his community corrections sentence.

Our supreme court has held that the same principles apply to revocation of a community corrections sentence as to revocation of probation, including an abuse of discretion standard of review. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). In this regard, upon finding by a preponderance of the evidence that a defendant has violated the terms of the community corrections sentence, a trial court may exercise its discretion to revoke the community corrections sentence. See T.C.A. § 40-35-311(e); Harkins, 811 S.W.2d at 82.

In the present case, the record supports the trial court's finding that the defendant violated a term of his community corrections sentence by using marijuana. The defendant's case officer testified that the defendant had tested positive for marijuana on January 14, 2008, and that the defendant had admitted he smoked marijuana during the New Year's holiday. Drug use violated the term of his community corrections sentence that he would remain drug-free. The trial court did not abuse its discretion in revoking the defendant's community corrections sentence and ordering the defendant to serve the balance of his four-year sentence in the Department of Correction.

Based on the foregoing and the record as a whole, we affirm the order of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE